IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WORKMAN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 14-2957 |
| | : | |
| NANCY GIROUX, et al., | : | |
| Respondents. | : | |
| | : | |

## O R D E R

Petitioner Jeffrey Workman has filed *pro se* objections to Magistrate Judge Hey's Report and Recommendation regarding his Petition for habeas relief.  (Doc. Nos. 18, 21); 28 U.S.C. § 2254(d)(1).  Petitioner objects to Judge Hey's conclusion that the Superior Court's rejection of Petitioner's challenge to the sufficiency of the evidence supporting his first-degree murder conviction was not an unreasonable factual determination.  Cullen v. Pinholster, 563 U.S. 170, 181 (2011); 18 U.S.C. § 2254(d)(1)-(2).  Petitioner also objects to Judge Hey's conclusion that his failure to exhaust an ineffective assistance claim is not excused.  See Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012)

I will overrule the Objections, adopt Judge Hey's recommendations, and deny the Petition.

## I.     BACKGROUND

The Commonwealth charged Petitioner with the murder of his friend Lawson Hunt, relying on the transferred intent doctrine.  On June 4, 2008, a Philadelphia Common Pleas Court jury convicted Petitioner of first-degree murder.  (Doc. No. 18 at 1.)

Three witnesses testified to the murder.  (Doc. No. 18 at 10-11.)  On August 18, 2006 at approximately midnight, during a dispute between two rival drug dealing groups, Gary Moses

(Petitioner's co-defendant) shot Hunt.  Petitioner heard the gun shots and walked down the street, where he found Hunt lying on the ground, injured.  (Doc. No. 18 at 11-12.)  A few minutes later, Petitioner saw Moses peering around the corner from behind a store.  Moses did not have a visible weapon.  Petitioner then opened fire with a .45 caliber semiautomatic, shooting at Moses eight times.  One of Petitioner's bullets ricocheted, striking Hunt in the chest and killing him. (Doc. No. 18 at 12.)

On direct appeal, Petitioner argued that the evidence was insufficient to show that he acted with the specific intent to kill.  (Doc. No. 18 at 13.)  The Superior Court rejected this argument, concluding that under the transferred intent doctrine, the evidence was sufficient to show that Petitioner had the specific intent to kill.  The Court further concluded that the evidence did not support self-defense or the defense of another.  Commonwealth v. Workman, No. 3189 EDA 2008, Memorandum at 6-7 (Pa. Super. Aug. 16, 2010) ("[T]he evidence was sufficient for the jury to find that when [Petitioner] fired at Moses, Moses did not pose a threat.")  The Supreme Court denied *allocatur* on June 28, 2011.  (Doc. No. 18 at 15.)

Acting *pro se*, Workman filed a *pro se* PCRA Petition.  The court appointed counsel, who filed an amended Petition arguing that trial counsel ineffectively failed to request a jury instruction that "the doctrine of transferred intent also applied to [Petitioner]'s claim of force to protect a third person."  (Doc. No. 18 at 16.)  The PCRA court rejected this claim as meritless and "nonsensical."  Commonwealth v. Workman, No. 2566 EDA 2012, Memorandum at 8 ("the trial court gave a thorough jury instruction regarding the defense of force to protect a third person. . . . Consequently, Petitioner's nonsensical claim of ineffective assistance of counsel lacks merit.").   On September 10, 2013, the Superior Court affirmed the denial of PCRA relief. Commonwealth v. Workman, 2566 EDA 2012, 87 A.3d 377 (Pa. Super. Sept. 10, 2013).  The

Supreme Court denied *allocatur* on February 25, 2014.

On May 20, 2014, Petitioner filed the instant *pro se* § 2254 Petition: 1) challenging the Superior Court's sufficiency decision; and 2) raising for the first time the ineffectiveness claim that trial counsel assured him he could not be convicted. Petitioner contends I may excuse his failure to exhaust this ineffectiveness claim. Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). The Commonwealth responded and Petitioner replied. (Doc. Nos. 16 & 17.)

## II.   LEGAL STANDARD

I must review *de novo* those portions of the Report to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error . . . in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III.   OBJECTIONS

### A.   Sufficiency of the Evidence as to Specific Intent

I may grant habeas relief for claims reviewed on the merits by a state court only if the state court's decision: (1) "was contrary to, or involved an unreasonably application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d)(1)-(2). The "clearly established Federal law" governing Petitioner's sufficiency claim

is set out in <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).  Accordingly, I must decide pursuant to § 2254(d)(1) whether the Superior Court unreasonably applied <u>Jackson</u>.  <u>See</u> <u>Eley v. Erickson</u>, 712 F.3d 837, 847 (3d Cir. 2013); <u>Commonwealth v. Griscavage</u>, 517 A.2d 1256, 1257 (Pa. 1986).

My review of the Superior Court's sufficiency decision has two layers of deference. First, I "must ask 'whether . . . . no rational trier of fact could have found proof of [specific intent] beyond a reasonable doubt.'" <u>Eley</u>, 712 F.3d at 847 (quoting <u>Jackson</u>, 443 U.S. at 329)). "[I]n addition to the first layer of deference," I may "overturn a state court decision rejecting a sufficiency of the evidence challenge" only if the decision was "objectively unreasonable.'" <u>Eley</u>, 712 F.3d at 846-47; <u>Cavazos v. Smith</u>, 132 S. Ct. 2, 4 (2011) (per curiam).  This is a "difficult to meet . . . and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt."  <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011) (citations and quotation marks omitted).

Petitioner objects to the Magistrate's determination that a rational jury could have found that Petitioner had the specific intent to kill Moses.  (Doc. No. 21.)  Petitioner contends that the Superior Court unreasonably upheld his murder conviction because Petitioner did not intend to harm Hunt.  <u>See</u> <u>Com. v. Rivera</u>, 773 A.2d 131, 135 (Pa. 2001) ("The use of a deadly weapon on a vital part of the body is sufficient to establish the specific intent to kill.").  Petitioner thus argues that as to specific intent, the Superior Court should not have considered the unintended result—the wound to Hunt—but rather should have considered only the events until Petitioner opened fire at Moses.

I do not agree.  The Supreme Court's application of the transferred intent doctrine was entirely reasonable.  <u>See</u> <u>Commonwealth v. Workman</u>, No. 3189 EDA 2008, Memorandum at 6-7

(Pa. Super. Aug. 16, 2010) (record and legal citations omitted) ("Based on the evidence, [Petitioner] specifically intended to kill Moses with a deadly weapon.  Therefore, based on the doctrine of transferred intent, the intent element for [Petitioner]'s murder conviction as to Hunt was met.").  I am thus unable to conclude that no rational trier of fact could convict Petitioner of first degree murder.  Eley, 712 F.3d at 847. Similarly, I cannot conclude that the Superior Court's decision was "objectively unreasonable."  Id. at 847.  Accordingly, I will overrule Petitioner's Objections to Judge Hey's conclusion as to the sufficiency of the evidence claims.

    B.    <u>Ineffective Assistance of Counsel</u>

    *1.  The <u>Martinez</u> Exception to Procedural Default*

A habeas petitioner must have "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254.  A failure to exhaust may be excused for "cause," however.  Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012).  The failure of PCRA counsel to raise an ineffectiveness claim in an initial-review collateral proceeding may establish "cause" to excuse procedural default.  Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014) (citing Martinez, 132 S. Ct. at 1320).  To show "cause," Petitioner must demonstrate that PCRA counsel's "failure itself constituted ineffective assistance of counsel" and that the underlying ineffective assistance of trial counsel claim is "substantial."  Glenn, 743 F.3d at 410.

The Martinez exception to procedural default applies only where state law requires that "claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding."  Martinez, 132 S. Ct. at 120.  Generally, Pennsylvania law requires ineffectiveness claims to be raised initially at PCRA.  Com. v. Grant, 813 A.2d 726, 738 (Pa. 2002) (citing 42 Pa. C.S. § 9542s et seq).

To make out ineffective assistance of counsel, Petitioner must show: (1) his attorney's

representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  If I conclude that counsel's strategy was not unreasonable, I need not address prejudice.  United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).  Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas."  Yarborough v. Gentry, 540 U.S. 1, 6 (2003).  I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief."  Lilly, 536 F.3d at 195 (internal quotation marks omitted).

*       *       *

Petitioner alleges that trial counsel advised Petitioner that he could not be convicted. (Doc. No. 1 ¶ 12.)  The Magistrate concluded that the underlying ineffectiveness claim respecting trial counsel was not "substantial" because Petitioner did not allege what Petitioner would have done but for this erroneous advice.  In objecting to that conclusion, Petitioner impermissibly raises new factual allegations as to the actions he would have taken.  (Doc. No. 21.) The objection is meritless.

### 1.     Trial Counsel Was Not Ineffective

Petitioner alleges that trial counsel informed him "there was no way under the law I could be convicted of anything." (Doc. No. 1 ¶ 12.)  The Magistrate concluded that Petitioner has not shown prejudice because Petitioner did not specify the alternate actions he would have taken but for trial counsel's purportedly defective advice.  (Doc. No. 18 at 22 (Magistrate: "[Petitioner] does not argue that he would have considered a guilty plea or that he was offered a plea that

would have resulted in any sentence other than mandatory life in prison.").)  In his Objections, Petitioner makes new (and contradictory) factual allegations.  Petitioner first alleges that he would have accepted a 10 to 20 year plea deal the Commonwealth purportedly offered.  (Doc. No. 21 at 1-2 & n.1.)  He also alleges that had his counsel not told him he "could not be convicted of anything," he would have testified on his own behalf.  (Doc. No. 21 at 2.)

These new allegations are untimely and I will not consider them.  See Thomas v. Tennis, 2009 WL 904682, at *1 (E.D. Pa. Mar. 24, 2009) ("In his Amended Objections and Supplement to the Amended Objections, petitioner attempts to add additional claims . . . and to add additional facts not contained in the original [*pro se*] petition to subvert the conclusions . . . in [the] Report . . . I conclude that the one-year period of limitations to file a habeas corpus petition under [§ 2254(d)] expired [before Petitioner filed his Objections]. . . .  Thus, I conclude that any additions . . . in the . . . Objections are untimely."); see also ED Pa. Local Rule 83.2(c)("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.").

Accordingly, I agree with the Magistrate.  Because Petitioner's ineffectiveness claim is not "substantial," his failure to exhaust is not excused under Martinez.  See Glenn, 743 F.3d at 410.

### 2.   *PCRA Counsel Was Not Ineffective*

Even if I were to consider Petitioner's belated factual allegations, he has not shown that PCRA counsel was ineffective.  I must presume that PCRA counsel—who raised one ineffectiveness claim at PCRA—made a strategic choice in omitting other ineffectiveness claims.

Yarborough, 540 U.S. at 8 ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.") (citing Strickland, 466 U.S. at 690)).  The communications between Petitioner and PCRA counsel, which Petitioner submitted in connection with his § 2254 Petition, demonstrate that PCRA counsel investigated and proceeded on the one ineffectiveness claim he determined viable.  (Doc. No. 21 at 13-19 (Letters from PCRA counsel to Petitioner) ("Contrary to your assessment, a review of the notes of testimony does not reveal 'numerous issues of ineffective assistance of counsel.' . . . I raised the only issue I was able to find in your case.").)  Plainly PCRA counsel's decision to include the one ineffectiveness claim he believed had merit was not because of "sheer neglect."  Yarborough, 540 U.S. at 8.

Moreover, Petitioner neither alleges nor presents any evidence that he informed PCRA counsel that his trial counsel told him he could not be convicted or that PCRA counsel was otherwise aware of these facts.  In these circumstances, Petitioner has not overcome the strong presumption that PCRA counsel's actions were reasonable.  See Strickland, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); Lloyd v. Bickell, 2013 WL 1972198, at *19 (E.D. Pa. Feb. 19, 2013) ("While [petitioner] asserts that Martinez applies to PCRA counsel's failure, he has not even attempted to satisfy this burden with any threshold evidentiary support, i.e., . . . an affidavit from PCRA counsel that [petitioner] ever asked that he present the issue. Accordingly, I recommend that this claim be dismissed.") report and recommendation adopted, 2013 WL 1979490 (E.D. Pa. May 14, 2013).

In these circumstances, I conclude that because PCRA counsel was not ineffective, Petitioner's procedural default is not excused under Martinez.  See Glenn, 743 F.3d at 410.

IV.     **CONCLUSION**

 **AND NOW**, this 7th day of March, 2016, upon consideration of the pleadings and record herein, and after careful review of Judge Hey's Report and Recommendation (Doc. No. 19) and all related filings, it is hereby **ORDERED** that:

 1.     Petitioner's objections to the Report and Recommendation (Doc. No. 21) are **OVERRULED**;

 2.     Judge Hey's Report and Recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED**;

 3.     There are no grounds to issue a certificate of appealability; and

 4.     The Clerk of Court shall mark this case closed for statistical purposes.

      **AND IT IS SO ORDERED.**


      */s/ Paul S. Diamond*

      _____

      Paul S. Diamond, J.